ISLAND HEIGHTS HOTEL AND IMPROVEMENT COMPANY, complainant and respondent,

*v.*

ERASMUS FREEMAN et al., defendants and appellants.

[Submitted June 24th, 1910.   Decided November 14th, 1910.]

Complainant's predecessor in title, a land company, laid out a tract of land as a camp meeting ground surrounded by building lots and streets and sold the lots to various purchasers subject to rules and regulations to be made by it for the "protection, government and control of the camp meetings and other assemblies to be holden within their premises from year to year." Finally the land company sold the fee of the camp ground, which passed by mesne conveyance to the complainant.—*Held*, that while complainant as owner of the fee had a standing in a court of equity to restrain the use of the "camp ground" in any other manner than subject to the rules and regulations referred to, its individual consent as owner of the fee was not required for such use.

On appeal from an order of the court of chancery advised by Vice-Chancellor Walker.

*Messrs. Grey & Archer,* for the appellant.

*Mr. Wilfred B. Wolcott,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The question before us on this appeal is whether the court of chancery erred in awarding a preliminary injunction restraining the defendants from "holding any camp meeting services or other services or meetings of any kind or description upon the land of the complainant described in the bill of complaint, without the consent and permission of the complainant first had and obtained."

The land in question is the same as that involved in *Freeman* v. *Island Heights Hotel and Improvement Co.,* argued at the same time, and decided at the present term, but the bill in the present case was filed nearly two years later than that in the case referred to. Under our decision in *Freeman* v. *Hotel Co.,* the land in question is to remain open for use as a camp ground, not restricted to the Methodist Episcopal denomination, but without regard to denominations, and subject to such regulation as is provided by the terms of its dedication for a camp ground or results from that dedication. The question then arises, what are those regulations and what person or corporation is the party to enforce them and to grant permits for the use of the ground; and also, is the present complainant, the Hotel Company, entitled to maintain a bill to enjoin the use of the ground by defendants if the regulations have not been complied with? The court of chancery, on the bill and answering affidavits, seems to have considered complainant's assent a *sine qua non* to such use and to have ordered an injunction on that ground alone.

Several persons, and four corporations, are connected with the inquiry. *First,* the Island Heights Company, herein called the Land Company, which originally owned the entire Island Heights tract, laid it out into a camp ground and building lots, sold all the lots, or substantially all,

"Subject nevertheless to the following conditions and covenants, as parcel of the consideration aforesaid, to wit: That the said party of the second part for himself, his heirs and assigns, shall and doth hereby accept, and receive the aforesaid grant and conveyance of said land subject to the rules, by-laws and regulations which may from time to time be adopted by the said Association for the protection, government and control of the Camp Meetings and other assemblies to be holden within their premises from year to year,"

and finally sold the camp ground itself. *Secondly,* the Island Heights Hotel and Improvement Company, the grantee through mesne conveyances of the fee of the part of the tract known as the camp ground, subject to such restrictions by way of dedication or implied covenant, or both, as we have held to obtain in the other suit between these same parties. *Thirdly,* the Island Heights Camp Meeting Association, organized by defendant

Freeman and others apparently to take advantage of the camp ground dedication. *Fourthly,* the individual defendants herein; and *fifthly,* perhaps, the municipality, presumably the borough of Island Heights. See *P. L. 1901 p. 320.*

Judging from the language of the covenant quoted, primarily the party to regulate the use of the camp ground would be the Island Heights Association. But as that association seems to have disposed of all its interest in any part of the original tract, and has even conveyed away the camp ground itself, its original right of control would seem to have passed from it. At the same time it cannot be said that the Hotel Company acquired this power of regulation with the fee of the camp ground. On the contrary, we have held that it took the fee subject to the camp ground use, and it would be an absurdity to say that it also has the power of regulating that use. As the land enterprise has grown into a municipality, and the original company, by parting with all its material interest in the venture, has become *functus officio,* the burden and the right of controlling this *quasi*-public use of the open space would seem to fall upon the municipality as a public trustee.

But this point is not suggested in the record or brief, and no final decision of it is intended. On the question presented we are clearly of opinion that the right of defendants to use the "camp ground" for camp meeting purposes is in no way dependent on the consent of the complainant, hence the injunction in the present case should have been denied. But we are not disposed to direct a dismissal of the bill, for complainant, as it seems to us, has a standing as successor to the original dedicator and present owner of the fee to enforce the dedication. *13 Cyc. 500.* This would include the right to insist that defendants be restrained from using the land without complying with the regulations in force, whatever they may be, and applying for permission to the party vested with authority to make them. Complainant's bill does not make this insistment, but only alleges that the defendants have no permission from either complainant or the Island Heights Association, neither of which, as we have seen, is competent to pass on the question. It may be, however, that the court of chancery, in its discretion, will permit a suit-

able amendment, and in view of this, and of the fact that the cause is still in its early stages, the order appealed from will be reversed and the cause remitted to the court of chancery to be further dealt with according to the practice of that court. The appellants are entitled to costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, DILL, CONGDON—12.